IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Roger Dewayne Martin, #278388, | ) | C/A No. 8:17-3391-MGL-JDA |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Nurse Stokes;<br>Nurse Johnson;<br>Nurse Stooks, | ) | *for disposition of the Motion for TRO* |
| Defendants. | ) | |

Roger Martin ("Plaintiff"), proceeding *pro se*, commenced this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1] This action is not in proper form, and Plaintiff has until January 5, 2018, to submit the required documents. [Doc. 1.] The undersigned has not determined yet whether service of process should be authorized on Defendants. On December 11, 2017, Plaintiff filed a letter [Doc. 2] in case No. 8:17-2754-MGL-JDA, which was construed as a motion for a temporary restraining order ("Motion for TRO") without notice to the adverse party. Because it appeared that the Motion for TRO relates to Plaintiff's deliberate indifference claim and medical needs, the

---

[1]Plaintiff initiated this action by filing a Complaint on October 10, 2017, at case No. 8:17-2754-MGL-JDA against Defendants Major C. West, Dennis Patterson, Ms. David, and the Medical Staff. In his Complaint, Plaintiff asserted a claim for double jeopardy arising out of a prison disciplinary proceeding. Based on subsequent filings in that case, the Court concluded that Plaintiff also intended to assert a claim for deliberate indifference to a serious medical need arising from an incident separate from the prison disciplinary proceedings at issue in his original Complaint and involving different defendants (Nurses Stokes, Johnson, and Stook). Accordingly, the Court severed Plaintiff's two claims pursuant to Fed. R. Civ. P. 21, and opened this case on the deliberate indifference claim.

undersigned directed the clerk to file the Motion for TRO in this case. [*See* Doc. 1.] This matter is before this Court on the Motion for TRO [Doc. 2].[2]

Plaintiff's hand-written Motion for TRO requests that he be transferred so that he can receive medical care to alleviate his suffering. [Doc. 2.] Plaintiff alleges that he is not receiving medical care because he has filed suit against prison officials. [*Id.*] He alleges that he needs medical attention because of injuries he sustained to his head earlier this year. [*Id.*] He alleges he is housed in RHU, but that the prison is not conducting sick call at the RHU. [*Id.*] Further, he alleges corrections officers are trying to kill him and harm him and intend to let him die. [*Id.*] He also alleges "they are putting stuff in my food, always sick after I eat." [*Id.*]

Plaintiff's Motion for TRO should be denied for several reasons. Under the legal standard adopted by the Fourth Circuit Court of Appeals, Plaintiff is not entitled to a temporary restraining order. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."). The standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), now governs the issuance of preliminary injunctions. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted and judgment vacated,* 559 U.S. 1089 (2010). Under the *Winter* standard, Plaintiff must demonstrate "'[1] that he is likely to

---

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Motion for TRO and submit findings and recommendations to the district judge.

succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20). All four requirements must be satisfied. *Id.* Furthermore, to obtain injunctive relief, Plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Id.* Here, Plaintiff has not made a showing to demonstrate that any of the four factors weigh in his favor.

As an initial matter, the Court notes that, to the extent Plaintiff seeks injunctive relief from Defendants not named in this action, such relief is unavailable against non-parties. *See* Fed.R.Civ.P. 65(a), (b). The unidentified "corrections officers" in the Motion for TRO are not Defendants named in this action, and the Court therefore cannot grant injunctive relief against them. Further, because Plaintiff alleges claims in his Motion for TRO unrelated to this action, he has failed to show that he is entitled to relief pursuant to *Winter* as to those claims. Specifically, Plaintiff alleges in his Motion for TRO that unnamed corrections officers are trying to harm him and kill him and are putting stuff in his food, making him sick. [*See* Doc. 2.] However, a "party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint. Thus, a preliminary injunction

3

may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action. Here, Plaintiff's original complaint asserted claims related to a head injury he sustained earlier this year and subsequent alleged denial of medical treatment, but Plaintiff's Motion for TRO appears to seek injunctive relief, in part, related to corrections officers' treatment of Plaintiff.

Next, in his original Complaint, Plaintiff alleged that he suffered migraines and went to sick call and/or emergency medical on at least three occasions and was given Motrin. [Doc. 1 at C/A No. 8:17-2754.] Thus, it appears that he has been provided some medical care such that his claim for deliberate indifference to a serious medical need is not likely to succeed on the merits. *See Goodman v. Johnson*, 524 F. App'x 887 (4th Cir. 2013) (in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment). Further, while Plaintiff alleges he suffers pain from his injuries that occurred sometime earlier this year, he has not alleged any specific facts to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief as opposed to merely suggesting a possibility of irreparable harm.

Additionally, the relief Plaintiff requests in the Motion for TRO—a prison transfer—is not likely to succeed on the merits. There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against

4

transfer from one institution to another within the state prison system"). The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and those decisions are not subject to review *unless* state or federal law places limitations on official discretion. *Cf. Hayes v. Thompson*, 726 F.2d 1015, 1017 (4th Cir. 1984) (remanding the case for a determination of whether Virginia prison regulations limit prison officials' discretion to transfer inmates). South Carolina law confers no protected liberty interest upon South Carolina Department of Corrections ("SCDC") inmates from being placed in a particular prison, in a particular section of the prison, or being placed in administrative segregation. *See Phillips v. South Carolina Dep't of Corr.*, C/A No. 8:10-1331-HFF-BHH, 2010 WL 2756910, at *2 (D.S.C. June 17, 2010), *Report and Recommendation adopted by* 2010 WL 2754223 (D.S.C. July 12, 2010). Because it appears that Plaintiff has been committed to the custody of SCDC, the choices of where Plaintiff is to be confined are to be determined by SCDC prison officials without interference by the federal courts. *See Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (noting that the district court properly found that a prison committee's decisions regarding institutional placement, security classifications, and job assignments were not subject to constitutional scrutiny).

Moreover, the balance of equities does not tip in favor of emergency relief without notice to Defendants, and the requested injunction is not in the public interest. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's Motion for TRO [Doc. 2.] be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

December 20, 2017
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).